IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPACESAVER CORPORATION,

            Plaintiff,

v.

THE MARVEL GROUP, INC.,

            Defendant.

OPINION and ORDER

09-cv-95-slc

---

    This is the third lawsuit plaintiff has filed against defendant in this court since last year involving plaintiff's claim that defendant is making and selling a weapons cabinet copied from plaintiff. (According to defendant, plaintiff initiated a fourth proceeding before the National Arbitration Forum, which since has been dismissed.)  The first two lawsuits were claims for patent infringement (case nos. 08-354 and 09-58), but plaintiff dismissed both after defendant raised a defense that it was immune from suit because all of its sales are to the federal government.  28 U.S.C. § 1498(a) (when patented invention "is used or manufactured by or for the United States . . . the owner's remedy shall be by action against the United States in the United States Court of Federal Claims").

    Plaintiff is taking several new tacks in this case.  Plaintiff's first amended complaint asserts a total of seven new federal and state law theories: (1) trademark; (2) unfair competition; (3) cyberpiracy; (4) deceptive trade practices; (5) tortious interference with a business relationship; (6) misappropriation; and (7) "Duty of Loyalty/Aiding and Abetting/Civil Conspiracy."  Defendant has moved to dismiss for failure to state a claim the claims for deceptive trade practices, tortious

interference with a business relationship, misappropriation and "duty of loyalty/aiding and abetting/civil conspiracy." Dkt. 21.[1]

Jurisdiction is present for the federal claims under 28 U.S.C. § 1331 and for the state law claims under 28 U.S.C. § 1367 because they arise out facts related to the federal law claims. Diversity jurisdiction under 28 U.S.C. § 1332 may exist as well because plaintiff alleges that it is a citizen of Wisconsin and defendant is a citizen of Illinois and Delaware. However, it fails to allege whether the amount in controversy is greater than $75,000.

Plaintiff's allegations can be summarized as follows: Plaintiff has developed a new weapons rack system known as the UNIVERSAL Weapons Rack, which has been registered with the trademark office. Plaintiff has devoted "significant time, resources and know-how" to market and sell the rack. The mark UNIVERSAL and the name UNIVERSAL Weapons Rack "have developed special significance as originating with and being synonymous with Spacesaver." One of plaintiff's largest customers for the rack is the United States military, which has assigned the rack a "national stock number" to show that it has been approved as meeting military requirements.

Space Concepts, Inc. had a contract with plaintiff to sell, install and service the racks. Although plaintiff terminated the contract for cause in 2005, the contract included a provision that prohibited Space Concepts from selling plaintiff's products or sharing plaintiff's confidential information after the contract's termination. In violation of the contract, Space Concepts sold to defendant plaintiff's UNIVERSAL rack and confidential information, which defendant used to copy and sell the UNIVERSAL rack.

---

[1] In its opening brief, defendant asked the court to "strike" plaintiff's claim for unfair competition under Fed. R. Civ. P. 12(f), but defendant abandoned that argument in its reply brief.

Defendant engaged in conduct intended to confuse plaintiff's customers into believing that defendant's weapons rack was the UNIVERSAL rack, such as adopting "an almost identical" website domain name, using the same product numbers as plaintiff and adopting the same advertising. In addition, defendant misrepresented to the military that its products were "equivalent" to plaintiff's. Defendant's actions have damaged plaintiff's reputation and goodwill.

As explained below, I agree with defendant that plaintiff's allegations do not state a claim upon which relief may be granted for tortious interference with a contract, misappropriation aiding and abetting a breach of a duty of loyalty or a violation of the Wisconsin Deceptive Trade Practices Act. However, because the pleading deficiencies for plaintiff's tortious interference claim may be cured, I will give plaintiff an opportunity to amend its complaint with respect to that claim.

I. Deceptive Trade Practices

Plaintiff's amended complaint includes a claim for "deceptive trade practices," but it does not identify a particular law that defendant allegedly violated. Defendant criticizes plaintiff for doing this, saying that plaintiff failed to provide "fair notice" of its claim. However, plaintiff is correct that the notice required by Fed. R. Civ. P. 8(a)(2) does not extend to legal theories, as the court of appeals has held many times. *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007) ( "It is established, however, that complaints need not plead legal theories."); *Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir.2006) ("One pleads 'claims' (which is to say, grievances) rather than legal theories."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("The courts keep reminding plaintiffs that they . . . don't have to plead legal theories."); *Bartholet v. Reishauer*

3

*A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.") If a defendant is uncertain about the scope of the plaintiff's legal theories, the proper response is to serve contention interrogatories, not move for a more definite statement under Fed. R. Civ. P. 12(e) as defendant suggests. *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996).

Thus, defendant hedged its bets when it decided unilaterally to "assign" a legal theory to this claim under the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, and then argue that plaintiff fails to state a claim under that statute. In its opposition brief, plaintiff confirms that it is asserting a claim under § 100.18, but says that it has claims under other laws as well, such as the Illinois Deceptive Trade Practices Act (on the ground that defendant's principal place of business is in Illinois). Because § 100.18 is the only law defendant addresses in its briefs, I do not consider whether plaintiff may state a claim under any other law prohibiting deceptive trade practices.

Wisconsin courts divide a claim under Wis. Stat. § 100.18(1) into three elements: (1) the defendant made a representation to "the public" with the intent to induce an obligation, (2) the representation was "untrue, deceptive or misleading," and (3) the representation materially caused a pecuniary loss to the plaintiff. *Novell v. Migliaccio*, 2008 WI 44, ¶ 49, 309 Wis. 2d 132, 749 N.W.2d 544. In this case, plaintiff says that it has satisfied these elements for pleading purposes by alleging that defendant misled the federal government and other unspecified "customers" into believing that its products were actually those of plaintiff and that defendant's misrepresentations caused plaintiff "irreparable harm and damages" in an unspecified amount.

4

An immediate red flag raised by plaintiff's allegations is that they involve misrepresentations made to third parties—plaintiff does *not* allege that defendant made any misrepresentations to *plaintiff*. Under common law fraud, this omission undoubtedly would be fatal to its claim. *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 699 N.W.2d 205 (element of claim for intentional misrepresentation is that "the *plaintiff* believed the statement to be true and relied on it to his/her detriment") (emphasis added). The elements of a claim under Wis. Stat. § 100.18, as stated by the Wisconsin Supreme Court, are not so straightforward. They do not explicitly require a misrepresentation to the plaintiff, only to "the public." Further, the supreme court has recognized that elements for a common law fraud claim and a claim under § 100.18 are not identical. *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 2007 WI 70, ¶26, 301 Wis. 2d 109, 124, 732 N.W.2d 792, 800 (2007).

However, in the case law involving private enforcement of Wis. Stat. § 100.18, it appears that both the parties and the courts have assumed that the relevant question is whether the *plaintiff* is a member of "the public" for the purpose of the statute, not whether the defendant made statements to nonparties who might qualify as members of the public. *E.g., K & S,* 2007 WI 70, at ¶ 25 (framing question as whether the "plaintiff is a member of 'the public.'"); *Kailin v. Armstrong*, 2002 WI App 70, ¶ 44, 252 Wis. 2d 676, 643 N.W.2d 132 (same); *Bonn v. Haubrich*, 123 Wis. 2d 168, 174, 366 N.W.2d 503 (Ct. App. 1985); (same); *State v. Automatic Merchandisers. of America, Inc.*, 64 Wis. 2d 659, 663, 221 N.W.2d 683 (1974) (same); *see also Waukesha County, Wisconsin v. Nationwide Life Insurance Co.*, 2007 WL 902243, *1 (W.D. Wis. 2007) (dismissing claim under § 100.18 because "plaintiff's ongoing relationship with defendants means that plaintiff is not a member of the public entitled to the protections of the statute");

*Uniek, Inc. v. Dollar General Corp.*, 474 F. Supp. 2d 1034, 1039 (W.D. Wis. 2007) (concluding that claim under § 100.18(1) failed because plaintiff was not a member of "the public").

In its opening brief, defendant represents that it "is unaware of any case in which such a claim [involving representations to a third party] has been sustained under" §100.18. Dkt. 22, at 8. Plaintiff not only fails to cite a case that contradicts defendant's observation, it fails to address this issue at all. This silence is telling.

Perhaps plaintiff realizes that if § 100.18 extends to misrepresentations made to nonparties, application of the statute becomes almost nonsensical. For example, in *Novell*, 2008 WI 44, ¶49, the supreme court noted that "[r]eliance is an aspect of the third element [of a claim under § 100.18], whether a representation caused the plaintiff's pecuniary loss." In other words, to satisfy the element of causation for a claim under § 100.18, it is not enough for the plaintiff to show that it sustained a loss that is somehow connected to a misrepresentation made to "the public." Rather, the question is whether "the representation . . . materially *induce[d] the plaintiff's decision to act* and [whether the] plaintiff would have acted in the absence of the representation." Id. at ¶ 51 (emphasis added).

In this case, plaintiff does not allege that it was "induced" to do anything by defendant; it alleges that the federal government and other "customers" were induced to make purchases by defendant's misrepresentations. Thus, even if I assume that defendant's alleged misrepresentations to the government "caused" plaintiff to lose sales (because the government would have purchased from plaintiff in the absence of the misrepresentations), that is not the type of causation contemplated by the statute. Accordingly, plaintiff's complaint must be dismissed as to the claim under Wis. Stat. § 100.18.

**II. Tortious Interference with a Business Relationship**

In its opening brief defendant points out that Wisconsin does not recognize a claim for "tortious interference with a business relationship." Rather, a plaintiff must show that the defendant interfered with "an existing contract or sufficiently concrete prospective contract." *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 689 (7th Cir. 1999) (applying Wisconsin law). Despite the way it labeled this claim, plaintiff says it satisfies that requirement because defendant "induced breach of an Area Contract Agreement between Spacesaver and Space Concepts" and that plaintiff "had on-going contracts or concrete prospective contracts with . . . the U.S. military . . . that Marvel had knowledge of and inten[ded] to interfere with." Dkt. 24, at 11.

The problem with plaintiff's argument is that plaintiff did not include these allegations in the complaint. In particular, plaintiff alleged only that Space Concepts gave information to defendant in violation of a contract, dkt. 15, at ¶23 (not that defendant induced Space Concepts to do so), and that defendant "interfered with the realization of Spacesaver's business expectancy" with the military (not that plaintiff had a contract or a concrete prospective contract with the military), *id.* at ¶ 56.

These deficiencies in the complaint could be fixed through amendment, which may be why defendant changed course in its reply brief to focus on other perceived deficiencies with this claim. That was too late. *Nelson v. La Crosse County Dist. Attorney*, 301 F.3d 820, 836 (7th Cir. 2002) (arguments raised for first time in reply brief are waived). Accordingly, defendant's motion to dismiss will be granted with respect to plaintiff's tortious interference claim, but I will give plaintiff leave to amend the complaint to include allegations that defendant interfered with existing or prospective contracts between plaintiff and both Space Concepts and the military.

**III. Misappropriation**

Defendant's argument for dismissal of the claim for misappropriation is that federal law has preempted any claim that plaintiff might have had under state law. Defendant cites *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141 (1989), in which the Court held that a state law "offering patent-like protection for ideas deemed unprotected under the present federal scheme . . . conflicts with the strong federal policy favoring free competition in ideas which do not merit patent protection" (internal quotations omitted), and *Studio & Partners, s.r.l. v. KI*, 2008 WL 426496, *15 (E.D. Wis. 2008), in which the court concluded that "the viability of a state law claim for misappropriation [under Wisconsin law] is highly suspect."

In response, plaintiff appears to concede that federal law preempts a misappropriation claim that is based on alleged copying of an otherwise unprotected product. *ConFold Pacific, Inc. v. Polaris Industries, Inc.*, 433 F.3d 952, 960 (7th Cir. 2006) ("[Plaintiff's] misappropriation claim comes down to a claim of infringement of a design that it did not patent. Such a claim is preempted by patent law."). However, plaintiff argues that its misappropriation claim is not based on alleged copying of its products or other "patent-like protections"; it derives from plaintiff's allegation that defendant "induced Space Concepts to breach its Area Contractor agreement with Spacesaver by selling to Marvel a UNIVERSAL Weapons Rack that would otherwise not be available in the public market, and by disclosing to Marvel other Spacesaver confidential information." Dkt. 24, at 13.

Again, the problem with plaintiff's argument is that the allegations in its brief are not in the complaint. Rather, the complaint makes clear that the basis for the claim is that defendant copied plaintiff's design:

8

> Marvel used Spacesaver's product or a copy of it in competition with Spacesaver because Spacesaver, and not Marvel, expended the time, energy, and resources to produce it.

Dkt. 15, at ¶ 69.

But even if I accepted the new gloss that plaintiff includes in its brief, this would make plaintiff's "misappropriation" claim nothing more than a restatement of its tortious interference claim. (The allegation that defendant induced Space Concepts to disclose "other Spacesaver confidential information" is too vague to provide the notice required by Fed. R. Civ. P. 8(a)(2).) Thus, plaintiff's claim for misappropriation is preempted or mischaracterized; either way, the claim must be dismissed

### IV. "Duty of Loyalty/Aiding and Abetting/Civil Conspiracy"

The title alone of this claim suggests that even plaintiff does not have a clear idea what the claim is. This portion of the complaint alleges only that Space Concepts had a duty of loyalty under its contract and that defendant aided and abetted Space Concepts' breach of that duty. Plaintiff says nothing about a "conspiracy." In its brief, plaintiff clarifies the claim somewhat, tying it to allegations that Space Concepts was required by contract to keep certain information confidential even after plaintiff terminated the relationship and that defendant "encouraged" Space Concepts to disclose that confidential information.

Stated this way, this claim is yet another repackaging of plaintiff's tortious interference claim. Plaintiff does not suggest in its complaint that Space Concepts had a fiduciary relationship with plaintiff; the "duty" it had was merely a contract obligation. This distinguishes plaintiff's claim from the only case it cites in support his claim. *Burbank Grease Services, LLC v. Sokolowski*,

2006 WI 103, 294 Wis. 2d 274, 303, 717 N.W.2d 781.  Plaintiff may not convert a contract obligation into a tort simply by alleging that a party has "a duty" to comply with the contract. *Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 412, 573 N.W.2d 842, 849-50 (1998) (party may not bring tort claim when loss adequately protected by contract).  Accordingly, this claim will be dismissed as well.

ORDER

It is ORDERED that:

(1) Defendant Marvel Group, Inc's motion to dismiss the complaint as to plaintiff's claims for tortious interference with business relationships, misappropriation, "duty of loyalty/aiding and abetting/civil conspiracy" and a violation of Wis. Stat. § 100.18, dkt. 21, is GRANTED; and,

(2) Plaintiff may have until June 15, 2009 to file an amended complaint that cures the pleading deficiencies for its tortious interference claim.

Entered this 1st day of June, 2009.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge